**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BRIGHTON COLLECTIBLES, INC.,

Plaintiff,

vs.

MARC CHANTAL USA, INC., a Texas corporation; MARC CHANTAL AMERICA, INC., a Texas corporation; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 06-CV-1584 H (POR)

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

On August 8, 2006, plaintiff Brighton Collectibles, Inc. ("Plaintiff") filed a complaint against Marc Chantal USA, Inc., and Marc Chantal America, Inc. ("Marc Chantal" or "Defendant"). (Doc. No. 1.) Plaintiff's complaint asserts five claims for relief: (1) trademark infringement, 15 U.S.C. § 1114; (2) trade dress infringement, 15 U.S.C. § 1125(a); (3) false designation of origin, 15 U.S.C. § 1125(a); (4) common law unfair competition; and (5) statutory unfair competition, Cal. Bus. & Prof. Code §§ 17200 et seq. (Id.) Marc Chantal filed an answer to Plaintiff's complaint on October 20, 2006. (Doc. No. 14.)

Discovery closed on January 28, 2008. (See Doc. No. 66.) The pretrial conference is set for April 28, 2008. On January 4, 2008, Plaintiff filed a motion for leave to file a first amended complaint to add a claim for copyright infringement. (Doc. No. 80.) On January 22, 2008, Defendant filed a response in opposition to Plaintiff's motion for leave to amend the

complaint. (Doc. No. 91.) Plaintiff filed a reply on January 28, 2008. (Doc. No. 98.)

The Court submitted Plaintiff's motion on February 1, 2008. (Doc. No. 102.) On February 19, 2008, the Court held a hearing on Marc Chantal's motion for partial summary judgment of Plaintiff's trade dress claims. (See Doc. No. 85.) At that hearing, the Court invited discussion of the present motion by Plaintiff. After considering the parties' briefing, the proposed first amended complaint that Plaintiff lodged with the Court, the arguments of counsel, and all the circumstances of this case, the Court denies Plaintiff's motion for leave to file a first amended complaint.

**Background**

Plaintiff's Proposed First Amended Complaint

The present motion for leave to amend after the discovery cutoff seeks to add a claim for copyright infringement. Plaintiff contends that recent discovery has established that Marc Chantal designed the hardware itself and therefore willfully infringed certain of Plaintiff's copyrights. Plaintiff's proposed amended complaint ("proposed FAC") alleges that Plaintiff created and is the exclusive owner of copyrights to designs used in connection with its fashion accessories, including the "Callie" design, VA 1-410-190, and the "Melanie" design, VA 1-410-189. (Proposed FAC, ¶ 14.) Plaintiff allegedly registered both copyrights with the Copyright Office effective July 20, 2007. (Id., see id., Exs. S, T (certificates of registration).) The proposed FAC alleges that several Marc Chantal products – specifically Defendant's "Octavia" handbag # 9040 and Defendant's "Toulon" handbag #6758, see Proposed FAC, Exs. U and V – incorporate heart designs substantially similar to Plaintiff's copyrighted designs. (Proposed FAC, ¶ 20; see id. Exs. S, T.) Plaintiff seeks to allege in the FAC that Defendants willfully infringed the copyrighted designs.[1] (Id. ¶¶ 57-58.)

Timing of Plaintiff's Motion for Leave to Amend

On November 29, 2006, the Court issued a scheduling order directing the parties to

[1] The proposed FAC does not make clear whether the defined term the "Copyrighted Designs" refers only to the "Callie" and "Melanie" designs, or whether the term includes additional unspecified copyrighted designs of Plaintiff's. (See Proposed FAC, ¶ 14.)

lodge a discovery plan by January 12, 2007, and to make the initial disclosures required by Fed. R. Civ. Proc. 26(a)(1) by January 19, 2007. (Doc. No. 15.) Plaintiff filed the present motion less than one month before the January 28, 2008 deadline for completing discovery which, after being continued three times, see Doc. Nos. 31, 43, 66, has now expired. (See Scheduling Order, Doc. No. 66.) Plaintiff's motion for leave to amend also comes shortly before the deadline for the parties to file pretrial dispositive motions, as well as the pretrial conference which currently is set for April 28, 2008. (See Doc. No. 66.)

**Discussion**

Once a responsive pleading has been filed, a party may amend its complaint only with leave of the court. See Fed. R. Civ. Proc. 15(a). Although Rule 15 instructs that leave to amend "shall be freely given when justice so requires," courts deny leave to amend when the moving party has engaged in undue delay, bad faith or dilatory tactics, where amendment would result in undue prejudice to the opposing party, or where amendment would be futile. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The consideration of prejudice to the opposing party carries significant weight in this determination. See id.

The Court concludes, first, that Plaintiff engaged in significant delay in seeking leave to amend the complaint. At least as early as March 30, 2007, Plaintiff possessed Marc Chantal's catalogues for the years 2004 through 2006. (See Decl. of Kimberly D. Howatt ISO Def's. Oppo. to Plf's. Mot. ("Howatt Decl.") ¶ 2; id. Ex. 1.) Those catalogues included the Marc Chantal "Octavia" and "Toulon" handbags that are the center of the copyright infringement claim that Plaintiff seeks to add to the complaint. (See Proposed FAC ¶ 20, id., Exs. U-V.) Furthermore, although Plaintiff emphasizes the November 6, 2007 deposition of Mr. Khromachou as the key point where the first evidence of willful copyright infringement by Marc Chantal came to light, Plaintiff already was on notice that Mr. Khromachou was solely responsible for the design of Marc Chantal's products. (See Howatt Decl., Ex. 2. (Response Nos. 2, 4.).) Plaintiff did not seek leave to amend the complaint until more than three months after those discovery responses by Marc Chantal.

The Court acknowledges that, generally, "delay alone . . . is an insufficient ground for denial of leave to amend." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). In this case, however, Plaintiff's delay created a situation where granting leave to amend would delay resolution of Plaintiff's existing claims and reopen discovery after the parties have completed discovery. Moreover, the Court concludes that granting leave to amend at this stage would prejudice Defendant. At the February 19, 2008 hearing on Defendant's motion for partial summary judgment, Plaintiff's counsel conceded that no statute of limitations problem prevented a new case. Accordingly, the Court is not persuaded that this case should be significantly disrupted after the close of discovery and so close to the pretrial conference and trial. Rule 15(a) directs courts to grant leave to amend only "when justice so requires," and based on all the circumstances of this case, the Court concludes that amendment is not warranted. Exercising the Court's discretion, the Court denies Plaintiff's motion to amend this complaint. Plaintiff may file a new action against Defendant if it is warranted.

IT IS SO ORDERED.

DATED: February 20, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT