UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>          Plaintiff,<br><br>  v.<br><br>MARC CHANTAL USA, INC., a Texas corporation; MARC CHANTAL AMERICA, INC., a Texas corporation; and Does 1 to 10, inclusive,<br><br>          Defendants. | Civil No. 06cv1584-H (POR)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S PROPOSED AMENDED WITNESS LIST** |

**I. BACKGROUND**

On April 7, 2008, Plaintiff Brighton Collectibles, Inc. ("Brighton") filed an amended witness list in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure. (Doc. No. 153.) On April 22, 2008, Defendant Marc Chantal America, Inc. ("Marc Chantal") filed objections to Brighton's proposed witness list, arguing Brighton never disclosed them, either in its initial disclosures pursuant to Rule 26(a)(1)(I) or in supplemental disclosures under Rule 26(e)(1)(A). (Doc. No. 155.) On April 29, 2008, District Judge Marilyn L. Huff referred this dispute to Magistrate Judge Louisa S Porter on a report and recommendation basis. (Doc. No. 164.) In Judge Huff's order of referral, she provided direction for the Court to consider. This Court relies on the Court's direction and order in this Report and Recommendation.

Pursuant to Judge Huff's April 29, 2008 order, the parties, on May 16, 2008, contacted Judge Porter's chambers to schedule a hearing. On May 30, 2008, both parties filed their memoranda of

1 points and authorities.  A Discovery Conference was held on June 5, 2008.  Peter Ross, Esq., Keith
2 Wesley, Esq., and Steven Winton, Esq., counsel for Brighton, and Kimberly Howatt, Esq., counsel
3 for Marc Chantal, appeared before the Court.

## II. LEGAL STANDARD

5       The purpose of the disclosure requirement of Rule 26(a)(1)(A) of the Federal Rules of Civil
6 Procedure is to give opposing party information as to the identification and location of persons with
7 knowledge so that they can be contacted in connection with litigation, either for purposes of serving
8 proposed amended complaint, or for being interviewed, or for being deposed, or for doing
9 background investigation.  <u>Biltrite Corp. v World Rd. Markings, Inc.</u>, 202 F.R.D. 359 (D.C. Mass.
10 2001).

11       Rule 26(a) only requires the identification of individuals with information that are known to
12 the party at the time.  However, Rule 26(e) requires a party to supplement disclosure unless the
13 information has already been provided during discovery.  The advisory committee notes to Rule
14 26(e) explain "there is, however, no obligation to provide supplemental or corrective information
15 that has been otherwise made known to the parties in writing or during the discovery process, as
16 when a witness not previously disclosed is identified during the taking of a deposition ..."  See
17 <u>McKesson Information Solutions, Inc. v. Bridge Medical, Inc.</u>, 434 F. Supp. 2d 810 (E.D. Cal.
18 2006); <u>Design Strategies, Inc. v. Davis</u>, 228 F.R.D. 210 (S.D.N.Y. 2005); <u>Stolarczyk v. Senator Int'l
19 Freight Forwarding</u>, 376 F. Supp. 2d 834 (N.D. Ill. 2005); <u>Rooney v. Sprague Energy Corp.</u>, 519 F.
20 Supp. 2d 110 (D.C. Me. 2007); <u>Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.</u>, 527
21 F. Supp. 2d 1257 (D.C. Kan. 2007).

22       A party that without substantial justification fails to disclose information required by Rule
23 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial,
24 at a hearing, or on a motion any witness or information not so disclosed.  Fed. R. Civ. P. 37(c)(1).
25 The burden of proving "substantial justification" or "harmlessness" is on the party facing sanctions.
26 <u>Yeti by Molly Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001), citing <u>Wilson v.
27 Bradlees of New England, Inc.</u>, 250 F.3d 10, 21 (1st Cir. 2001).
28 ///

## III. ANALYSIS

At the time Marc Chantal filed objections to Brighton's proposed witness list, there were fourteen proposed witnesses at issue. However, after the parties met and conferred, only five proposed witnesses remain in dispute. The five proposed witnesses are: Beth Barror, Jerry Kohl, Monica Bolin, Richard Lewis, and Paul Widosch.

**A.    Beth Barror and Jerry Kohl**

On September 14, 2007, Brighton's 30(b)(6) witness, Laura Young, testified extensively about Ms. Barror and Mr. Kohl. (Exhibit A of Brighton's Memorandum ("Memo"), Young Depo at 7:8-7:17, 13:15-14:2, 69:10-69:18, 80:4-80:19, 176:11-177:9.) Ms. Young referred to Ms. Barror as Brighton's "founding designer," discussed other products Ms. Barror is responsible for designing, and named her as someone who would be very familiar with Brighton products. (Exhibit A of Brighton's Memo, Young Depo at 13:15-14:2, 80:4-80:19.) Brighton also produced documents during the discovery period that discussed at length Ms. Barror's role at Brighton as the first designer to create the heart tins. (Exhibit G of Brighton's Memo.)

Ms. Young testified as to Mr. Kohl's role at Brighton and his knowledge regarding the company and products. (Exhibit A of Brighton's Memo, Young Depo at 7:8-7:17, 13:15-14:2, 69:10-69:18, 80:4-80:19, 176:11-177:9.) Mr. Kohl was also identified through documents produced and a declaration submitted in this action in response to a discovery motion filed by Marc Chantal. (Exhibits G and F of Brighton's Memo).

The Court finds Brighton did not violate Rule 26 as to proposed witnesses Mr. Kohl and Ms. Barror since their identities were discussed and disclosed during Ms. Young's deposition. Marc Chantal knew of Mr. Kohl and Ms. Barror prior to the close of discovery and did not notice or take their depositions. However, mindful of the Court's directive that there is plenty of time for discovery and the Court prefers a trial on the merits, the Court recommends Mr. Kohl and Ms. Barror not be excluded as witnesses, and discovery be re-opened to allow Marc Chantal to depose Mr. Kohl and Ms. Barror at its own expense.

///

///

**B.     Monica Bolin**

On December 18, 2007, Brighton noticed Ms. Bolin's deposition in this matter. Ms. Bolin was deposed on January 18, 2008. Counsel for Marc Chantal was present at her deposition and examined her during the deposition. (Exhibit H of Brighton's Memo, Bolin Depo at 45:1-46:12.)

Not only was Ms. Bolin's identity disclosed to Marc Chantal during the discovery period, but Marc Chantal had the opportunity to depose her. Therefore, the Court finds Brighton did not violate Rule 26 as to this proposed witness. Accordingly, the Court recommends Ms. Bolin not be excluded as a witness, and Marc Chantal's request to re-open discovery as to Ms. Bolin be denied.

**C.     Richard Lewis**

Brighton indicates Mr. Lewis is a veteran of the fashion accessory industry, having worked in various sales capacities for over two decades. Brighton represents that in preparation for Mr. Lewis' deposition in Brighton Collectibles v. Dynasty Designs LLC, et al, case number 06cv1588-H (POR) ("Dynasty case"), Brighton reviewed documents that indicated Mr. Lewis may have knowledge relevant to the trade dress issue in this case. Therefore, Brighton included Mr. Lewis in its April 7th amended witness list.

Brighton asserts it did not disclose Mr. Lewis during discovery in this action because Brighton had yet to ascertain that Mr. Lewis possessed relevant information. Brighton argues it was substantially justified in not disclosing Mr. Lewis during the discovery period because it did not know he was a witness during that time.

Marc Chantal contends that Plaintiff had notice of the existence and capacity of Mr. Lewis as early as October 2007. Marc Chantal further argues that Brighton knew that Mr. Lewis might be a potentially relevant witness when it issued a Notice for his Deposition in the Dynasty case on February 21, 2008. Therefore, Brighton had no reason to wait until April 7th to disclose the identity of Mr. Lewis.

It appears Brighton has known the relevance of Mr. Lewis' testimony prior to the close of discovery, which was January 28, 2008, or at least soon after the close of discovery, especially since Brighton noticed his deposition in the Dynasty case as early as February 21, 2008. Instead Brighton waited until April 2008 to disclose Mr. Lewis as a proposed witness. Accordingly, the Court finds

1 | Brighton violated Rule 26 as to this witness.

2 |     Although Brighton has not shown substantial justification for not disclosing Mr. Lewis, allowing Mr. Lewis to testify will be harmless. Mr. Lewis' testimony will be on a discrete, limited issue regarding its trade dress claim, specifically his knowledge of the Brighton look. Such testimony does not unfairly surprise Marc Chantal since Brighton has disclosed other witnesses who will testify as to this claim. Therefore, the Court recommends Mr. Lewis not be excluded as a witness, and discovery be re-opened to allow Marc Chantal to depose Mr. Lewis. The Court further recommends Brighton bear the deposition costs as to this witness for failing to disclose Mr. Lewis in a timely manner. The deposition costs include, but are not limited to, travel of attorneys and witnesses, court reporter and videographer fees, and any other related costs except attorneys' fees.

**D.  Paul Widosch**

In conjunction with its investigation in the Dynasty case, Brighton discovered Mr. Widosch as an individual who was involved in selling Dynasty Design products at the California Market Center. Brighton represents it recently decided to depose Mr. Widosch in the Dynasty case and believes he may possess knowledge relevant to this case. Brighton believes Mr. Widosch recognized the Brighton look at issue and likely communicated with actual customers regarding that look.

Brighton does not specify in its memorandum or at the Discovery Conference when it discovered Mr. Widosch, indicating only that his identity was not made known until several months ago. Brighton, the party with the burden to demonstrate substantial justification, fails to show why Mr. Widosch's identity was not disclosed prior to April 7th. However, the Court finds allowing Mr. Widosch to testify will be harmless for reasons similar to Mr. Lewis' case. Therefore, the Court recommends Mr. Widosch not be excluded as a witness, and discovery be re-opened to allow Marc Chantal to depose Mr. Widosch. The Court further recommends Brighton bear the deposition costs as to this witness for failing to disclose Mr. Widosch in a timely manner. The deposition costs include, but are not limited to, travel of attorneys and witnesses, court reporter and videographer fees, and any other related costs except attorneys' fees.

///

## IV. CONCLUSION

In summary, the Court recommends the following:

1. Mr. Kohl and Ms. Barror not be excluded as witnesses, and discovery be re-opened to allow Marc Chantal to depose Mr. Kohl and Ms. Barror at its own expense;

2. Ms. Bolin not be excluded as a witness, and Marc Chantal's request to re-open discovery as to Ms. Bolin be denied;

3. Mr. Lewis not be excluded as a witness, discovery be re-opened to allow Marc Chantal to depose Mr. Lewis, and Brighton bear the deposition costs; and

4. Mr. Widosch not be excluded as a witness, discovery be re-opened to allow Marc Chantal to depose Mr. Widosch, and Brighton bear the deposition costs.

This report and recommendation is submitted by the undersigned Magistrate Judge to the United States District Judge assigned to this case, pursuant to the provisions of Title 28, United States Code, section 636(b)(1).

IT IS HEREBY ORDERED that after being served a copy of this order, any party may file and serve written objections with the Court and serve a copy on all parties no later than **June 20, 2008**. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later **no later than ten days upon receipt of the objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2008

LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable Marilyn L. Huff
all parties