# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTON COLLECTIBLES, INC., a California corporation,<br><br>                     Plaintiff,<br>vs.<br><br>MARC CHANTAL USA, INC., a Texas corporation; MARC CHANTAL AMERICA, INC., a Texas corporation; and DOES 1 through 10, inclusive,<br><br>                     Defendant. | CASE NO. 06-CV-1584 H (POR)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES** |

On May 26, 2009, Plaintiff filed a motion for attorney fees. (Doc. No. 365.) On June 15, 2009, Defendant filed its opposition to Plaintiff's motion for attorney fees. (Doc. No. 373.) On June 22, 2009, Plaintiff filed a reply in support of its motion. (Doc. No. 379.)

On May 26, 2009, Defendants filed a motion for attorney fees. (Doc. No. 368.) On June 15, Plaintiff filed an opposition to Defendants' motion for attorney fees. (Doc. No. 374.) On June 22, 2009, Defendants filed their reply in support of its motion. (Doc. No. 378.)

On July 24, 2009, the Court heard oral argument on the parties' motions for attorney fees. Peter Ross and Keith Wesley appeared for the Plaintiff. Matthew Murphey and Kimberly Howatt appeared for the Defendants. For the following reasons, the Court denies Plaintiff's motion for attorney fees and denies Defendants' motion for attorney fees.

## **Background**

Plaintiff Brighton, a designer, manufacturer, and retailer of women's fashion accessories, brought suit against Defendant Marc Chantal, a competitor. Plaintiff's Complaint alleged claims for trademark infringement, trade dress infringement, false designation of origin, common law unfair competition, and statutory unfair competition. (Doc. No. 1.) On the first day of trial, Plaintiff dismissed its claim for infringement of its "Brighton" word mark and the Court granted the parties' stipulated motion to dismiss claims against party Marc Chantal USA, Inc. (Doc. No. 303; Tr. I-103-04.)

On April 17, 2009, the jury returned a special verdict finding that Brighton had proved by a preponderance of the evidence that Defendant had willfully engaged in trade dress infringement and false designation of origin and engaged in unfair competition with malice, fraud, or oppression. (Doc. No. 337.) The jury found that Brighton had not proved by a preponderance of the evidence its claim for infringement of the Brighton dangling heart trademark. (Id.) The jury awarded Plaintiff $7,232,829, which it found to be the total amount of Marc Chantal's profits resulting from the trade dress infringement, false designation of origin, and unfair competition in addition to $3,616,415 in punitive damages on the unfair competition claim. (Id.; Doc. No. 338.) On Plaintiff's motion, and after allowing briefing and oral argument, the Court granted Plaintiff a permanent injunction prohibiting Marc Chantal from engaging in future infringement. (Doc. Nos. 353, 358.) The Court entered Judgment on May 11, 2009. (Doc. No. 358.)

Both parties now move for attorney fees under the Lanham Act, each claiming to be the prevailing party on some or all of the claims at issue. Brighton claims to be the prevailing party under the Lanham Act with respect to its claims for trade dress infringement and false designation of origin and seeks $1,050,490 in fees. (Pl.'s Mot. at 1.) Defendant contends it is the prevailing party as to all claims against Marc Chantal USA as well as Plaintiff's claims for trademark infringement involving the Bristol word mark and the dangling heart trademark. Defendant seeks $792,999 in fees. (Def.'s Mot. at 1.)

///

## Discussion

### I.      Motion for Attorney Fees – Legal Standard

Under Federal Rule of Civil Procedure 54, a party may move for attorney fees, unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P. 54(d)(2)(A). In this case, both parties rely on the Lanham Act to support their requests for attorney fees. (Pl.'s Mot. at 6; Def.'s Mot. at 9.) The Lanham Act expressly provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. §1117(a). A party is the prevailing party if it "succeeds on any significant issue in the litigation by achieving some of the relief sought." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1027 (9th Cir. 1985) (in the copyright context). Generally, under fee-shifting statutes, a party prevails when it achieves a "material alteration of the legal relationship of the parties" through court action. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 604 (2001). But the Lanham Act authorizes attorney fees "only in exceptional cases." Classic Media, Inc. v. Mewborn, 532 F.3d 978, 990 (9th Cir. 2008).

The Act "nowhere defines what makes a case 'exceptional.'" Stephen W. Boney, Inc. v. Boney Svcs., Inc., 127 F.3d 821, 825 (9th Cir. 1997). The Ninth Circuit explains that "a determination that a trademark case is exceptional is a question of law for the district court, not the jury." Watec Co., Ltd. v. Liu, 403 F.3d 645, 656 (9th Cir. 2005). Therefore, a jury's determination of willful, fraudulent, or malicious infringement is not binding on the Court. "A case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." Id. Once a court concludes that a case is exceptional, it may award attorney fees in its discretion. Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1409 (9th Cir. 1993) ("An award [of attorney fees] is within the discretion of the trial court and will not be disturbed absent abuse of that discretion.").

### II.     Plaintiff's Motion for Attorney Fees

In considering Plaintiff's motion for attorney fees, the Court first concludes that Brighton is the prevailing party on its claims for trade dress infringement, false designation of

origin, and unfair competition, but Defendant Marc Chantal is the prevailing party on the claims for trademark infringement involving the Bristol word mark and the dangling heart trademark. (Doc. No. 337.)

Next, the Court considers whether this case was exceptional, opening the possibility of an attorney fee award. In this regard, Plaintiff argues that, "in this circuit, "a finding of willfulness alone makes a case 'exceptional' under the Lanham Act." (Pl.'s Mot. at 7.) While willful infringement is a factor to consider, the Court disagrees with Plaintiff's interpretation of the law. In Watec Co., Ltd. v. Liu, the Ninth Circuit criticized a district court for awarding attorney fees simply because the jury expressly found that the defendant intentionally infringed on plaintiff's trademarks, and recommended an award of fees. 403 F.3d 645, 656 (9th Cir. 2005). The court explained that this reliance on the jury was "problematic because a determination that a trademark case is exceptional is a question of law for the district court, not the jury." Id. A jury's finding of intentional infringement "does not necessarily equate with the malicious, fraudulent, deliberate or willful conduct that we usually require before deeming a case exceptional." Id. Similarly, the jury's finding that Defendant engaged in unfair competition with malice, oppression, or fraud is not dispositive on this issue. That finding related only to Plaintiff's claim under California Business and Professions Code § 17200, not the Lanham Act. Additionally, because the exceptionality determination is a legal question, the Court is not bound by the jury's findings. Id.

Under Section 1117(a), "awards are never automatic and may be limited by equitable considerations." Rolex Watch, U.S.A., Inc. v. Michel Co., 179 F.3d 704, 711 (9th Cir. 1999). As the Ninth Circuit explains, a district court has discretion to refuse to award attorney fees, and a party objecting to such a ruling must carry a "heavy burden." Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1134 (9th Cir. 1986). "First, the remedy is available only in 'exceptional cases.' Second, the statute provides that the court 'may' award fees; it does not require them. Finally, the Senate Report expressly commends this decision to the discretion of the court." Id. (citing S. Rep. No. 1400, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 7132, 7136) (quoted in Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000)).

In this case, the Court exercises its discretion and concludes that an award of attorney fees is not warranted in this case under the totality of circumstances. Plaintiff asserted four claims against Defendants Marc Chantal America and Marc Chantal USA under the Lanham Act, and prevailed on only the trade dress and false designation of origin claims under the Lanham Act against Marc Chantal America. On the first day of trial, Plaintiff dismissed its claim for infringement of its "Brighton" word mark and the Court granted a stipulated motion to dismiss claims against party Marc Chantal USA, Inc. (Doc. No. 303; Tr. I-103-04) After hearing the evidence, the jury concluded that Brighton did not prove its case for trademark infringement of its registered dangling heart trademark. (Doc. No. 337.) Accordingly, while Brighton succeeded on its trade dress and false designation of origin claims, Plaintiff was not successful on its other Lanham Act claims.

Further, the Court notes that this was not a clear cut case of obvious infringement. This was not a case of counterfeit products, but instead was a case over trade dress. In <u>Earthquake Sound Corp. v. Bumper Indus.</u>, the Ninth Circuit affirmed an exceptionality finding, noting that "this was not a particularly close case on the question of infringement." 352 F.3d 1210, 1217 (9th Cir. 2003). The court reasoned that, because the plaintiff's mark was strong and the infringing mark was quite similar, the defendant should have known it was in the wrong. <u>Id.</u> at 1217-18. That is not the case here. Throughout litigation, Defendant argued against the validity of Plaintiff's trade dress and other claims, and those arguments raised debatable issues of fact and law. That the jury found against Defendant on trade dress and false designation of origin does not render the case exceptional. Indeed, the jury rejected Plaintiff's claim on its registered dangling heart trademark.

Additionally, the Court notes that Plaintiff has already been awarded Defendant's net sales – approximately five times Defendant's claimed net profits. (Doc. No. 337; Tr. IV-7-9.) Under Section 35 of the Lanham Act, a prevailing plaintiff may recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). The Act further provides that "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction

1  claimed." 15 U.S.C. § 1117(a). Here, the Court concludes that the jury acted within its
2  discretion in disregarding Defendant's expert testimony regarding deductions and awarding
3  Defendant's net sales. The jury's compensatory award does not warrant a new trial, as the
4  Court does not have a "firm conviction that the jury has made a mistake." Landes Constr. Co.,
5  Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987). An award of net sales is
6  permitted by law. See Cream Records, Inc. v. Joseph Schlitz Brewing Co., 864 F.2d 668, 669
7  (9th Cir. 1989) (applying a similar rule in the copyright context and holding that, "if the
8  infringing defendant does not meet its burden of proving costs, the gross figure stands as the
9  defendant's profits"). Reviewing the evidence and in light of the circumstances of this case,
10 the Court concludes that the compensatory award is sufficient to fulfill the goal of the Lanham
11 Act – "making acts of deliberate trademark infringement unprofitable." Maier Brewing Co.
12 v. Fleischmann Distilling Corp., 390 F.2d 117, 123 (9th Cir. 1968). Accordingly, exercising
13 its discretion in the matter, the Court concludes that this case is not exceptional and denies
14 Plaintiff's motion for attorney fees.

15 Alternatively, even if this case were exceptional, the Court would exercise its discretion
16 to deny attorney fees for the same reasons. See Rolex Watch, 179 F.3d at 711 ("awards are
17 never automatic and may be limited by equitable considerations."); Polo Fashions, 793 F.2d
18 at 1134 (pointing out that under the Lanham Act, courts "may" award fees in exceptional
19 cases; the Act does not require them).

20 **III.    Defendant's Motion for Attorney Fees**

21 Defendant argues that it is entitled to attorney fees on Plaintiff's claims for trademark
22 infringement and on all claims against Defendant Marc Chantal USA, Inc. The Supreme Court
23 has held under the Copyright Act that courts must apply an "evenhanded" standard in
24 determining whether prevailing plaintiffs or prevailing defendants are entitled to attorney fees.
25 Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). The Ninth Circuit recognizes that this standard
26 may apply in Lanham Act cases as well, as Section 35(a) "serves both to compensate plaintiffs
27 and protect defendants." Stephen W. Boney, Inc. v. Boney Svcs., Inc., 127 F.3d 821, 826 (9th
28 Cir. 1997). However, the Court concludes that, while Marc Chantal is entitled to costs on

these claims, it is not entitled to attorney fees.

Even if Defendant is the prevailing party on Plaintiff's claims against Marc Chantal USA and against Marc Chantal America for trademark infringement, this case is not exceptional as to those causes of action. When a defendant moves for attorney fees under the Lanham Act, a case is exceptional "where a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." Halicki Films, LLC v. Sanderson Sales & Mktg., 547 F.3d 1213, 1231 (9th Cir. 2008) (quoting Stephen W. Boney, Inc., 127 F.3d at 827). The Ninth Circuit construes the "exceptional circumstances" requirement "narrowly." Classic Media, Inc. v. Mewborn, 532 F.3d 978, 990 (9th Cir. 2008). Following that standard, the Court concludes that Plaintiff's claims were not groundless or unreasonable, and were brought in good faith.

Defendant argues that Brighton improperly maintained its claims against Marc Chantal USA despite knowledge that Marc Chantal USA does not conduct business and could not have sold infringing products. (Def.'s Mot. at 2.) Defendant responded to one of Plaintiff's interrogatories by stating that Marc Chantal USA "sells and ships no products and has no customers. Defendant's only asset is the ownership of intellectual property." (Murphey Decl. ISO Mot. for Atty. Fees ["Murphey Decl."], Ex. A.) In his deposition, Defendant's owner testified that Marc Chantal USA ceased doing business when Marc Chantal America started. (Murphey Decl. Ex. C.) The Court concludes that Plaintiff had a reasonable basis for maintaining claims against Marc Chantal USA. Both Defendant companies are owned by the same man, Latif Khromachou, who stated that he shifted operations from one to the other in 1993. (Murphey Decl. Ex. C.) Mr. Khromachou's testimony was significantly impeached at trial, and the jury rejected his claims that similarities between his products and Brightons were mere "coincidences." (Tr. II-199-213.) Brighton was not obligated to rely on Defendant's word when assessing Marc Chantal USA's potential culpability, and the parties jointly agreed to dismiss the claims.

The Court further concludes that Plaintiff's trademark infringement claims were not meritless or vexatious. Plaintiff introduced evidence at trial that Marc Chantal affixed

dangling silver hearts to its bags in a manner that Plaintiff claimed could have created a likelihood of consumer confusion. (Trial Ex. 312, 378, 54.002.) The fact that Defendant's products resembled Plaintiff's further strengthened the trademark claim, because marks "should be considered in their entirety and as they appear in the marketplace." Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1144 (9th Cir. 2002). This claim was not groundless or unreasonable or brought in bad faith.

As to Plaintiff's claim that Defendant's use of the "Bristol" trademark infringed on its "Brighton" trademark, the Court also concludes that it was neither meritless nor brought in bad faith. The success of a suit alleging infringement of a valid mark owned by the plaintiff turns on whether the alleged infringer's mark creates a likelihood of confusion. Perfumebay.com v. EBAY, Inc., 506 F.3d 1165, 1173 (9th Cir. 2007). In assessing likelihood of confusion, the trier of fact considers the similarity of the marks at issue. Id. (citation omitted). Here, it was reasonable for Plaintiff to allege that the "Bristol" mark created a likelihood of confusion. Therefore, Plaintiff had good faith grounds to pursue the claim up to the time of trial.

Defendant also argues that Brighton acted in bad faith throughout the litigation, citing several examples of discovery disputes. These events do not support Defendant's argument that Plaintiff prosecuted the case in bad faith. All discovery disputes were adequately addressed before the magistrate judge or the district court and were resolved before trial.

In sum, the record does not support a claim that this case is exceptional. Accordingly, the Court concludes that Defendant is not eligible for an award of attorney fees and denies Defendant's motion. Moreover, even if this case were exceptional, the Court would exercise its discretion to deny fees based on the totality of the evidence. See Rolex Watch, 179 F.3d at 711 ("awards are never automatic and may be limited by equitable considerations."); Polo Fashions, 793 F.2d at 1134 (pointing out that under the Lanham Act, courts "may" award fees in exceptional cases; the Act does not require them).

/ / /

/ / /

/ / /

**<u>Conclusion</u>**

After due consideration of the cross-motions for attorney fees, the Court denies Plaintiff's motion for attorney fees and denies both Defendants' motion for attorney fees.

IT IS SO ORDERED.

DATED: August 17, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT